1   CALIFORNIA STATE UNIVERSITY
    OFFICE OF GENERAL COUNSEL
2   CHRISTINE HELWICK (SBN 057274)
    ANDREA M. GUNN (SBN 212259)
3   401 Golden Shore, Fourth Floor
    Long Beach, CA   90802-4210
4   Telephone:  (562) 951-4500
    Facsimile:   (562) 951-4956 or 4959
5   agunn@calstate.edu
6
    Attorneys for Defendants CHARLES B. REED, ROBERT A. CORRIGAN, J.E. SAFFOLD,
7   and JOEY GREENWELL

8                     UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11  COLLEGE REPUBLICANS AT SAN                    CASE NO.:  C 07 3542 WDB
    FRANCISCO STATE UNIVERSITY, et al.,
12
                Plaintiffs,                       CTRM:      4
13                                                JUDGE:     Honorable Wayne D. Brazil
                v.
14                                                **DEFENDANTS' ANSWER TO FIRST
    CHARLES B. REED, et al.,                      AMENDED VERIFIED COMPLAINT**
15
                Defendants.                       Date of Filing:    August 30, 2007
16                                                Trial Date:        None
17

18

19          Defendants Charles B. Reed, Robert A. Corrigan, J.E. Saffold, and Joey Greenwell

20  (collectively "CSU" or "defendants") answer the first amended verified complaint of all plaintiffs as

21  follows:

22                  **ANSWER TO "INTRODUCTION" SECTION**

23          1.      In response to paragraph 1 of the first amended complaint, defendants admit that

24  students who matriculate at SFSU are provided a forum for free debate and free exchange of ideas;

25  other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 1.

26          2.      In response to paragraph 2 of the first amended complaint, defendants admit that SFSU

27  is a public institution of higher learning; other than as expressly admitted herein, defendants deny the

28  remaining allegations of paragraph 2.

            3.      In response to paragraph 3 of the first amended complaint, defendants admit that the

1  College Republicans at SFSU held an Anti-Terrorism Rally on campus in October 2006, that a

2  complaint was filed as a result of the rally, and that an investigation of the complaint was conducted;

3  other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 3.

4      4.      In response to paragraph 4 of the first amended complaint, defendants deny each and

5  every allegation contained therein.

6      5.      In response to paragraph 5 of the first amended complaint, defendants are without

7  knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

8  paragraph, and on that basis, deny each and every allegation contained therein.

9              **ANSWER TO "JURISDICTION AND VENUE" SECTION**

10     6.      In response to paragraph 6 of the first amended complaint, defendants admit that this is

11 a federal civil rights action; other than as expressly admitted herein, defendants deny the remaining

12 allegations of paragraph 6.

13     7.      In response to paragraph 7 of the first amended complaint, defendants admit that the

14 Court has original jurisdiction under the grounds alleged.

15     8.      In response to paragraph 8 of the first amended complaint, defendants admit that this

16 Court has authority to grant the requested relief and damages under the cited authorities, except to the

17 extent the Eleventh Amendment provides immunity from such relief and/or damages; other than as

18 expressly admitted herein, defendants deny the remaining allegations of paragraph 8.

19     9.      In response to paragraph 9 of the first amended complaint, defendants admit that venue

20 is proper in this Court.

21             **ANSWER TO "INTRADISTRICT ASSIGNMENT" SECTION**

22     10.     In response to paragraph 10 of the first amended complaint, defendants admit the

23 allegations contained therein.

24               **ANSWER TO "PLAINTIFFS" SECTION**

25     11.     In response to paragraph 11 of the first amended complaint, defendants admit the

26 College Republicans at San Francisco State University is an unincorporated student organization at

27 SFSU.  As to the remaining allegations, defendants are without knowledge or information sufficient to

28 form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis,

1    deny each and every remaining allegation contained therein.

2         12.    In response to paragraph 12 of the first amended complaint, defendants admit that

3    Leigh Wolf is and was at all times relevant to this complaint, a student at SFSU and an officer of

4    College Republicans.    As to the remaining allegations, defendants are without knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations contained in said

6    paragraph, and on that basis, deny each and every remaining allegation contained therein.

7         13.    In response to paragraph 13 of the first amended complaint, defendants admit that Trent

8    Downes is and was at all times relevant to this complaint, a student at SFSU and an officer of College

9    Republicans.    As to the remaining allegations, defendants are without knowledge or information

10   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and

11   on that basis, deny each and every remaining allegation contained therein.

12                          **ANSWER TO "DEFENDANTS" SECTION**

13        14.    In response to paragraph 14 of the first amended complaint, defendants admit the

14   allegations contained therein.

15        15.    In response to paragraph 15 of the first amended complaint, defendants admit the

16   allegations contained therein.

17        16.    In response to paragraph 16 of the first amended complaint, defendants admit the

18   allegations contained therein.

19        17.    In response to paragraph 17 of the first amended complaint, defendants admit the

20   allegations contained therein.

21                       **ANSWER TO "FACTUAL BACKGROUND" SECTION**

22        18.    In response to paragraph 19 of the first amended complaint, defendants admit that

23   student life for undergraduate students at SFSU is governed in part by the Student Conduct Code, the

24   Sexual Harassment Policy and Procedures, and the Office of Student Programs and Leadership

25   Development (OSPLD) Student Organization Handbook; other than as expressly admitted herein,

26   defendants deny the remaining allegations of paragraph 18.

27        19.    In response to paragraph 19 of the first amended complaint, defendants admit the

28   allegations contained therein.

20.     In response to paragraph 20 of the first amended complaint, defendants admit the allegations contained therein.

21.     In response to paragraph 21 of the first amended complaint, defendants admit the allegations contained therein.

22.     In response to paragraph 22 of the first amended complaint, defendants admit that the Student Organization Handbook contains a section entitled "Student Group Misconduct;" other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 22.

23.     In response to paragraph 23 of the first amended complaint, defendants admit the allegations contained therein.

24.     In response to paragraph 24 of the first amended complaint, defendants deny each and every allegation contained therein.

25.     In response to paragraph 25 of the first amended complaint, defendants admit the allegations contained therein.

26.     In response to paragraph 26 of the first amended complaint, defendants admit the allegations contained therein.

27.     In response to paragraph 27 of the first amended complaint, defendants deny each and every allegation contained therein.

28.     In response to paragraph 28 of the first amended complaint, defendants admit the allegations contained therein.

29.     In response to paragraph 29 of the first amended complaint, defendants admit the allegations contained therein.

30.     In response to paragraph 30 of the first amended complaint, defendants admit the allegations contained therein.

31.     In response to paragraph 31 of the first amended complaint, defendants admit the allegations contained therein.

32.     In response to paragraph 32 of the first amended complaint, defendants admit the allegations contained therein.

33.     In response to paragraph 33 of the first amended complaint, defendants admit the

1 | allegations contained therein.

2 |      34.    In response to paragraph 34 of the first amended complaint, defendants are without

3 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

4 | paragraph, and on that basis, deny each and every allegation contained therein.

5 |      35.    In response to paragraph 35 of the first amended complaint, defendants admit that

6 | Leigh Wolf and Trent Downes are members of College Republicans.  As to the remaining allegations,

7 | defendants are without knowledge or information sufficient to form a belief as to the truth of the

8 | remaining allegations contained in said paragraph, and on that basis, deny each and every remaining

9 | allegation contained therein.

10 |      36.    In response to paragraph 36 of the first amended complaint, defendants are without

11 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

12 | paragraph, and on that basis, deny each and every allegation contained therein.

13 |      37.    In response to paragraph 37 of the first amended complaint, defendants deny each and

14 | every allegation contained therein.

15 |      38.    In response to paragraph 38 of the first amended complaint, defendants admit the

16 | allegations contained therein.

17 |      39.    In response to paragraph 39 of the first amended complaint, defendants are without

18 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

19 | paragraph, and on that basis, deny each and every allegation contained therein.

20 |      40.    In response to paragraph 40 of the first amended complaint, defendants are without

21 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

22 | paragraph, and on that basis, deny each and every allegation contained therein.

23 |      41.    In response to paragraph 41 of the first amended complaint, defendants are without

24 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

25 | paragraph, and on that basis, deny each and every allegation contained therein.

26 |      42.    In response to paragraph 42 of the first amended complaint, defendants are without

27 | knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

28 | paragraph, and on that basis, deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

43.    In response to paragraph 43 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

44.    In response to paragraph 44 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

45.    In response to paragraph 45 of the first amended complaint, defendants admit that SFSU police officers and administrators were in the proximity of the College Republicans Rally on October 17, 2006; other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 45.

46.    In response to paragraph 46 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

47.    In response to paragraph 47 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

48.    In response to paragraph 48 of the first amended complaint, defendants admit the allegations contained therein.

49.    In response to paragraph 49 of the first amended complaint, defendants admit the allegations contained therein.

50.    In response to paragraph 50 of the first amended complaint, defendants admit that the Director of OSPLD notified the College Republicans that a complaint had been filed and that OSPLD was conducting a preliminary investigation.  Defendants further admit that members of the College Republicans agreed to give statements to OSPLD as part of the investigation. Other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 50.

51.    In response to paragraph 51 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

52.     In response to paragraph 52 of the first amended complaint, defendants admit the allegations contained therein.

53.     In response to paragraph 53 of the first amended complaint, defendants admit the allegations contained therein.

54.     In response to paragraph 54 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

55.     In response to paragraph 55 of the first amended complaint, defendants admit that Defendant Greenwell, Director of OSPLD, sent College Republican Carl Clark an e-mail stating that OSPLD had concluded its investigation and was referring the matter to SOHP for review; other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 55.

56.     In response to paragraph 56 of the first amended complaint, defendants admit that OSPLD may refer a matter to SOHP for a formal hearing; other than as expressly admitted herein, defendants deny the remaining allegations of paragraph 56.

57.     In response to paragraph 57 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

58.     In response to paragraph 58 of the first amended complaint, defendants admit that the Student Group Misconduct policy provides that ASI nominates two members to sit on SOHP.  As to the remaining allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

59.     In response to paragraph 59 of the first amended complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

60.     In response to paragraph 60 of the first amended complaint, defendants admit that on January 31, 2007, College Republicans held a "Corporate America Appreciation Day" in the Malcolm X Plaza of SFSU.  As to the remaining allegations, defendants are without knowledge or information

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

1   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and

2   on that basis, deny each and every remaining allegation contained therein.

3       61.    In response to paragraph 61 of the first amended complaint, defendants admit that FIRE

4   and the ACLU sent letters to defendant SFSU President Robert Corrigan on behalf of the College

5   Republicans.   As to the remaining allegations, defendants are without knowledge or information

6   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and

7   on that basis, deny each and every remaining allegation contained therein.

8       62.    In response to paragraph 62 of the first amended complaint, defendants admit that

9   SFSU spokesperson Ellen Griffin made a statement to the *San Francisco Chronicle*; other than as

10  expressly admitted herein, defendants deny the remaining allegations of paragraph 62.

11      63.    In response to paragraph 63 of the first amended complaint, defendants admit that on or

12  about March 9, 2007, SOHP conducted the formal hearing and that Mr. Gallagher and members of the

13  College Republicans presented testimony to the panel; other than as expressly admitted herein,

14  defendants deny the remaining allegations of paragraph 63.

15      64.    In response to paragraph 64 of the first amended complaint, defendants admit that on

16  March 16, 2007, SOHP found no violation of the Student Code and dismissed Mr. Gallagher's

17  complaint; other than as expressly admitted herein, defendants deny the remaining allegations of

18  paragraph 64.

19      65.    In response to paragraph 65 of the first amended complaint, defendants are without

20  knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

21  paragraph, and on that basis, deny each and every allegation contained therein.

22      66.    In response to paragraph 66 of the first amended complaint, defendants deny each and

23  every allegation contained therein.

24      67.    In response to paragraph 67 of the first amended complaint, defendants are without

25  knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

26  paragraph, and on that basis, deny each and every allegation contained therein.

27      68.    In response to paragraph 68 of the first amended complaint, defendants deny that their

28  investigation was "baseless."   As to the remaining allegations, defendants are without knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations contained in said

2    paragraph, and on that basis, deny each and every remaining allegation contained therein.

3          69.    In response to paragraph 69 of the first amended complaint, defendants are without

4    knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

5    paragraph, and on that basis, deny each and every allegation contained therein.

6          70.    In response to paragraph 70 of the first amended complaint, defendants are without

7    knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

8    paragraph, and on that basis, deny each and every allegation contained therein.

9          71.    In response to paragraph 71 of the first amended complaint, defendants are without

10   knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

11   paragraph, and on that basis, deny each and every allegation contained therein.

12         72.    In response to paragraph 72 of the first amended complaint, defendants deny each and

13   every allegation contained therein.

14         73.    In response to paragraph 73 of the first amended complaint, defendants are without

15   knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

16   paragraph, and on that basis, deny each and every allegation contained therein.

17         74.    In response to paragraph 74 of the first amended complaint, defendants deny each and

18   every allegation contained therein.

19         75.    In response to paragraph 75 of the first amended complaint, defendants deny each and

20   every allegation contained therein.

21         76.    In response to paragraph 76 of the first amended complaint, defendants deny each and

22   every allegation contained therein.

23                   **ANSWER TO FIRST CAUSE OF ACTION**

24         77.    In response to paragraph 77 of the first amended complaint, defendants incorporate

25   their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations

26   which were incorporated by reference into this one paragraph.

27         78.    In response to paragraph 78 of the first amended complaint, defendants deny each and

28   every allegation contained therein.

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

79.     In response to paragraph 79 of the first amended complaint, defendants deny each and every allegation contained therein.

80.     In response to paragraph 80 of the first amended complaint, defendants deny each and every allegation contained therein.

81.     In response to paragraph 81 of the first amended complaint, defendants deny each and every allegation contained therein.

**ANSWER TO SECOND CAUSE OF ACTION**

82.     In response to paragraph 82 of the first amended complaint, defendants incorporate their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations which were incorporated by reference into this one paragraph.

83.     In response to paragraph 83 of the first amended complaint, defendants deny each and every allegation contained therein.

84.     In response to paragraph 84 of the first amended complaint, defendants deny each and every allegation contained therein.

85.     In response to paragraph 85 of the first amended complaint, defendants deny each and every allegation contained therein.

**ANSWER TO THIRD CAUSE OF ACTION**

86.     In response to paragraph 86 of the first amended complaint, defendants incorporate their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations which were incorporated by reference into this one paragraph.

87.     In response to paragraph 87 of the first amended complaint, defendants deny each and every allegation contained therein.

88.     In response to paragraph 88 of the first amended complaint, defendants deny each and every allegation contained therein.

89.     In response to paragraph 89 of the first amended complaint, defendants deny each and every allegation contained therein.

**ANSWER TO FOURTH CAUSE OF ACTION**

90.     In response to paragraph 90 of the first amended complaint, defendants incorporate

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

1  their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations

2  which were incorporated by reference into this one paragraph.

3      91.     In response to paragraph 91 of the first amended complaint, defendants deny each and

4  every allegation contained therein.

5      92.     In response to paragraph 92 of the first amended complaint, defendants deny each and

6  every allegation contained therein.

7      93.     In response to paragraph 93 of the first amended complaint, defendants deny each and

8  every allegation contained therein.

9                    **ANSWER TO FIFTH CAUSE OF ACTION**

10     94.     In response to paragraph 94 of the first amended complaint, defendants incorporate

11 their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations

12 which were incorporated by reference into this one paragraph.

13     95.     In response to paragraph 95 of the first amended complaint, defendants deny each and

14 every allegation contained therein.

15     96.     In response to paragraph 96 of the first amended complaint, defendants deny each and

16 every allegation contained therein.

17     97.     In response to paragraph 97 of the first amended complaint, defendants deny each and

18 every allegation contained therein.

19                    **ANSWER TO SIXTH CAUSE OF ACTION**

20     98.     In response to paragraph 98 of the first amended complaint, defendants incorporate

21 their prior denials, admissions, and/or statement of insufficient knowledge, as to the earlier allegations

22 which were incorporated by reference into this one paragraph.

23     99.     In response to paragraph 99 of the first amended complaint, defendants deny each and

24 every allegation contained therein.

25     100.    In response to paragraph 100 of the first amended complaint, defendants deny each and

26 every allegation contained therein.

27     101.    In response to paragraph 101 of the first amended complaint, defendants deny each and

28 every allegation contained therein.

1

## ANSWER TO PRAYER FOR RELIEF

2      102.   In response to plaintiffs' prayer for relief, defendants deny that plaintiffs are entitled to

3  any of the requested relief, and deny all allegations contained therein.

4

## AFFIRMATIVE DEFENSES

5      1.   Plaintiffs' first amended complaint fails to state a claim upon which relief can be

6  granted.

7      2.   Defendants may be immune under the Eleventh Amendment from some or all of

8  plaintiffs' claims.

9      3.   Plaintiffs' claims for relief may be barred by the doctrines of waiver, estoppel, laches,

10 and/or unclean hands, depending on the facts adduced in discovery.

11     4.   Defendants reserve the right to assert such other affirmative defenses as may be

12 developed in the course of litigation.

13

## PRAYER

14      Wherefore, defendants pray as follows:

15      A.   That plaintiffs take nothing by way of their first amended complaint;

16      B.   That judgment be entered in favor of all defendants and against plaintiffs;

17      C.   That defendants recover their costs and reasonable attorneys' fees;

18      D.   For such orders and judicial determinations that the Court deems just and proper; and

19      E.   For such other and further relief as the Court deems just and proper.

20                              CALIFORNIA STATE UNIVERSITY
                               OFFICE OF GENERAL COUNSEL
21

22

23 DATED:  September 12, 2007

24                              _____
                               Andrea M. Gunn
25                              Attorney for Defendants
                               CHARLES B. REED, ROBERT A. CORRIGAN,
26                              J.E. SAFFOLD, and JOEY GREENWELL

27

28

1                                        **ANSWER TO PRAYER FOR RELIEF**

2          102.     In response to plaintiffs' prayer for relief, defendants deny that plaintiffs are entitled to

3 any of the requested relief, and deny all allegations contained therein.

4                                             **AFFIRMATIVE DEFENSES**

5          1.     Plaintiffs' first amended complaint fails to state a claim upon which relief can be

6 granted.

7          2.     Defendants may be immune under the Eleventh Amendment from some or all of

8 plaintiffs' claims.

9          3.     Plaintiffs' claims for relief may be barred by the doctrines of waiver, estoppel, laches,

10 and/or unclean hands, depending on the facts adduced in discovery.

11          4.     Defendants reserve the right to assert such other affirmative defenses as may be

12 developed in the course of litigation.

13                                                 **PRAYER**

14       Wherefore, defendants pray as follows:

15       A.     That plaintiffs take nothing by way of their first amended complaint;

16       B.     That judgment be entered in favor of all defendants and against plaintiffs;

17       C.     That defendants recover their costs and reasonable attorneys' fees;

18       D.     For such orders and judicial determinations that the Court deems just and proper; and

19       E.     For such other and further relief as the Court deems just and proper.

20                                   CALIFORNIA STATE UNIVERSITY
OFFICE OF GENERAL COUNSEL

21

22

23 DATED: September 12, 2007

24                                   Andrea M. Gunn

25                                   Attorney for Defendants
CHARLES B. REED, ROBERT A. CORRIGAN,

26                                   J.E. SAFFOLD, and JOEY GREENWELL

27

28

**DEFENDANTS' ANSWER TO FIRST AMENDED VERIFIED COMPLAINT – C-07-3542 (WDB)**

1

**PROOF OF SERVICE**
<u>**College Republicans at SFSU, et al. v. Roberta Achtenberg, et al.**</u>

2

**USDC Northern District Case No.:  C 07-3542 (WDB)**
**OGC File No. 07-0909**

3

4

I, **Lynn R. Rivera**, declare as follows:

5

I am employed in the County of Los Angeles, State of California.  I am at least 18 years old, and not a
party to this action.  I am an employee of or agent for California State University, Office of General

6

Counsel, whose business address is 401 Golden Shore, 4th Floor, Long Beach, CA  90802-4210.

7

On **September 12, 2007**, I served the document described as **DEFENDANTS' ANSWER TO
FIRST AMENDED VERIFIED COMPLAINT** on the interested parties in this action as follows:

8

9

**PLEASE SEE ATTACHED SERVICE LIST**

10

☐   ***BY MAIL—COLLECTION BOX:*** I placed each document in a sealed envelope with postage
fully prepaid, in the California State University Office of General Counsel's mail collection

11

box in Long Beach, California, so that following ordinary business practices, the envelope
would be collected and mailed on this date.  I am readily familiar with this office's business

12

practice for collection and processing of mail.  In the ordinary course of business, each
document would be deposited with the United States Postal Service on that same day.

13

☐   ***BY MAIL—PERSONAL DEPOSIT:*** I placed each document in a sealed envelope with
postage fully prepaid and then deposited the envelope in a mail box regularly maintained by

14

the United States Postal Service in Long Beach, California.

15

☑   ***BY ELECTRONIC SERVICE:***  I delivered each document via electronic service to the
attached service list.

16

17

☐   ***BY OVERNIGHT DELIVERY:*** I placed each document in a sealed envelope with delivery
fees fully prepaid, to be deposited in a box regularly maintained by Federal Express.  I am

18

readily familiar with this office's practice for collection and processing of documents for
overnight delivery and know that in the ordinary course of California State University Office

19

of General Counsel's business practice the envelope will be deposited in a box or other
facility regularly maintained by Federal Express or delivered to a courier authorized by

20

Federal Express to receive documents on the same date it is placed at California State
University Office of General Counsel for collection.

21

☐   ***BY FACSIMILE:***   By use of facsimile machine number (562) 951-4956 [4959], on
September 12, 2007, at Long Beach, California, I served each document on the parties by

22

transmitting each document to each facsimile numbers above, which are the facsimile
machine telephone numbers last given by those parties.  Each transmission was reported as

23

complete and without error.  The transmission report was properly issued by the transmitting
facsimile machine.  A copy is attached, and shows the actual time of transmission.

24

Signed on **September 12, 2007**, at Long Beach, California.  I declare under penalty of perjury under

25

the laws of the State of California that this declaration is true and correct.

26

27

28

_____
**LYNN R. RIVERA**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**College Republicans at SFSU, et al. v. Roberta Achtenberg, et al.**
**USDC Northern District Case No.:  C 07-3542 (WDB)**
**OGC File No. 07-0909**

**SERVICE LIST**

Benjamin W. Bull
Travis C. Barham
ALLIANCE DEFENSE FUND
15333 N. Pima Road, Suite 165
Scottsdale, Arizona  85260
480-444-0020
480-444-0028  Facsimile
bbull@telladf.org
tbarham@telladf.org

David A. French
ALLIANCE DEFENSE FUND
7141 Old Zion Road
Columbia, Tennessee  38401
931-490-0591
931-490-7989  Facsimile
dfrench@telladf.org

David J. Hacker
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, California  95630
916-932-2850
916-932-2851  Facsimile
dhacker@telladf.org