BENJAMIN W. BULL (AZ Bar No. 009940)
TRAVIS C. BARHAM* (AZ Bar No. 024867)
DAVID A. FRENCH* (TN Bar No. 16692; KY Bar No. 86986)
DAVID J. HACKER (CA Bar No. 249272; IL Bar No. 6283022)
Alliance Defense Fund
101 Parkshore Drive, Suite 100
Folsom, California 95630
(916) 932-2850
(916) 932-2851—facsimile
dhacker@telladf.org

Attorneys for Plaintiffs College Republicans at San Francisco State University, Leigh Wolf and Trent Downes
* Pro hac vice admission

CALIFORNIA STATE UNIVERSITY
OFFICE OF GENERAL COUNSEL
CHRISTINE HELWICK (SBN 057274)
ANDREA M. GUNN (SBN 212259)
401 Golden Shore, Fourth Floor
Long Beach, California 90802-4210
(562) 951-4500
(562) 951-4956 or 4959
agunn@calstate.edu

Attorneys for Defendants Charles B. Reed, Robert A. Corrigan, J.E. Saffold, and Joey Greenwell

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **COLLEGE REPUBLICANS AT SAN FRANCISCO STATE UNIVERSITY**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **CHARLES B. REED**, et al., <br><br> Defendants. | Case No. C-07-3542-WDB <br><br> Hon. Wayne D. Brazil <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs and Defendants, by and through their respective counsel, jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**: The Court has subject matter jurisdiction over the Plaintiffs' federal claims (28 U.S.C. § 1331) as they arise out of the United States Constitution, and they are brought under the congressional authorizing statute for constitutional claims (42 U.S.C. § 1983). No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. **Facts**: Defendants are officials of the California State University system and San Francisco State University and are responsible for enforcement of the Student Conduct Code, Cal. Code Regs. tit. 5, § 41301(a) and (b)(7), the "Student Group Misconduct" section in San Francisco State University's Student Organization Handbook, and San Francisco State University's Sexual Harassment Policy and Procedures (University Executive Order #95-18). Plaintiffs are a student organization at San Francisco State University ("SFSU") and two student-members of the organization.

On October 17, 2006, Plaintiffs held an Anti-Terrorism Rally ("Rally") in Malcolm X Plaza on SFSU's campus. On October 26, 2006, Brian Gallagher, a student, filed a formal complaint about the Rally with the Office of Student Programs and Leadership Development ("OSPLD"). Mr. Gallagher alleged that Plaintiffs violated the Student Conduct Code during the Rally. On October 30, 2006, Defendant Greenwell, Director of OSPLD, notified Plaintiffs that a complaint had been filed and that OSPLD was conducting a preliminary investigation. On December 5, 2006, Defendant Greenwell, sent College Republican Carl Clark an e-mail stating that OSPLD had completed its investigation and was referring the matter to the Student Organization Hearing Panel ("SOHP") for formal review of the charges.

On March 9, 2007, SOHP conducted the formal hearing. Mr. Gallagher and members of College Republicans presented testimony to the panel. On March 16, 2007, SOHP

concluded its deliberations, found no violation of the Student Conduct Code, and dismissed Mr. Gallagher's complaint.

Plaintiffs allege that OSPLD's and SOHP's investigation into the Rally violated their First and Fourteenth Amendment rights under the United States Constitution. Plaintiffs further allege that Defendants' Student Conduct Code, Student Group Misconduct policy, and Sexual Harassment policy are facially and as-applied unconstitutional.

Defendants dispute that the complaint resolution process SFSU employed following receipt of the formal complaint filed by SFSU student Brian Gallagher violated Plaintiffs' First and Fourteenth Amendment rights under the United States Constitution. More specifically, they dispute that the process constituted illegal retaliation against Plaintiffs for their expressive activities and they also dispute that the process deprived Plaintiffs of equal protection under law.

Defendants further dispute that Plaintiffs' First Amendment rights have been chilled in any way. Plaintiffs have continued to sponsor public events on the SFSU campus following the October 17 event.

To the extent Plaintiffs are claiming that Defendants generally "investigated" Plaintiffs' expressive activities on the SFSU campus, Defendants dispute such claims. OSPLD conducted a brief fact-finding investigation related to the allegations contained within Gallagher's complaint over an approximately one month period. SOHP did not engage in any fact-finding efforts of its own.

Defendants dispute that the Student Conduct Code, Student Group Misconduct policy, and Sexual Harassment policy are facially and as-applied unconstitutional.

3. **Legal Issues**:

Plaintiffs believe the following legal issues are in dispute:

- Whether the "Student Group Misconduct" section in San Francisco State University's Student Organization Handbook is facially and as-applied vague and overbroad in violation of the

- First and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. 1 & 14.
- Whether the Student Conduct Code, Cal. Code Regs. tit. 5, § 41301(a) and (b)(7) is facially and as-applied vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. 1 & 14.
- Whether San Francisco State University's Sexual Harassment Policy, University Executive Order #95-18, is facially vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. 1 & 14.
- Whether the "Student Group Misconduct" section in San Francisco State University's Student Organization Handbook; Cal. Code Regs. tit. 5, § 41301(a) and (b)(7); and University Executive Order #95-18 place unconstitutional conditions on Plaintiffs' exercise of their First Amendment rights on campus. U.S. Const. amend. 1.
- Whether Defendants' investigation into Plaintiffs' expressive activities on campus has chilled Plaintiffs' speech, thereby violating Plaintiffs' rights under the First Amendment to the United States Constitution. U.S. Const. amend. 1.
- Whether Defendants' investigation into Plaintiffs' expressive activities on campus constitutes illegal retaliation in violation of Plaintiffs' First Amendment rights under the United States Constitution. U.S. Const. amend. 1.
- Whether Defendants' investigation into Plaintiffs' expressive activities on campus deprived Plaintiffs of their right to equal

4

JOINT CASE MANAGEMENT STATEMENT - C-07-3542-WDB

protection of law under the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. 14.

In addition to the above, Defendants believe the following legal issues are in dispute:

- Whether Plaintiff Trent Downes has standing to raise any of the claims at issue in Plaintiffs' First Amended Complaint.
- Whether Plaintiffs have standing to claim that San Francisco State University's Sexual Harassment Policy, University Executive Order #95-18, is facially vague and overbroad.
- Whether Plaintiffs have standing to claim that San Francisco State University's Sexual Harassment Policy, University Executive Order #95-18, places unconstitutional conditions on Plaintiffs' exercise of their First Amendment rights on campus.

4. **Motions**: On August 31, 2007, Plaintiffs filed a Motion for Preliminary Injunction, which will be heard on October 31, 2007 at 1:30 p.m. Both parties anticipate filing motions for summary judgment.

5. **Amendment of Pleadings**: Plaintiffs do not anticipate amending their pleadings, but reserve the right to do so should discovery reveal relevant grounds for amendment.

6. **Evidence Preservation**: College Republicans' third-party webmail provider has ceased doing business. Plaintiffs are currently attempting to obtain their files from the third-party provider. Defendants do not anticipate any evidence preservation issues.

7. **Disclosures**: The parties will exchange their FRCP 26(a) Initial Disclosures on October 19, 2007. Plaintiffs will disclose individuals known to have discoverable information; a description of all documents in possession of Plaintiffs' counsel; a computation of damages; and evidence of any insurance agreement. Defendants will disclose individuals known to have discoverable information and a description of all documents in the possession of their counsel.

5

JOINT CASE MANAGEMENT STATEMENT - C-07-3542-WDB

8.  **Discovery**: The parties have conducted no discovery to date. The scope of discovery will involve all of Plaintiffs' claims and Defendants' defenses.

The parties proposed Rule 26(f) discovery plan:

(1) Rule 26(a) disclosures will be made on October 19, 2007.

(2) Discovery will be needed on facts and issues relating to all of Plaintiffs' causes of action and all of Defendants' affirmative defenses. Discovery will be completed on March 31, 2008. Discovery need not be conducted in phases, or limited or focused on particular issues.

(3) Electronically stored information may be produced in electronic PDF form or by hardcopy.

(4) The parties will address issues of privilege or protection as trial-preparation material as needed during discovery.

(5) No changes should be made in the limitations on discovery imposed under these rules or by local rule.

(6) No other requested orders under Rule 26(c) or Rule 16(b) and (c).

The parties intend to pursue the following discovery:

a. Interrogatories;

b. Requests for Admissions;

c. Requests for Production;

d. Depositions. Plaintiffs propose limiting all depositions to seven hours.

9.  **Class Actions**: This is not a class action suit.

10. **Related Cases**: None.

11. **Relief**:

Plaintiffs Prayer for Relief:

Plaintiffs seek declarations that the Student Conduct Code, Cal. Code Regs. tit. 5, § 41301(a) and (b)(7); the "Student Group Misconduct" section of San Francisco State University's Student Organization Handbook; and San

6

JOINT CASE MANAGEMENT STATEMENT - C-07-3542-WDB

Francisco State University's Sexual Harassment Policy are unconstitutional facially and as-applied and violate Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

Plaintiffs seek a declaratory judgment that Defendants' investigation of Plaintiffs' protected expression violated Plaintiffs' First Amendment rights; and request an order requiring Defendants to expunge from school records all mention of the disciplinary investigation.

Plaintiffs also seek preliminary and permanent injunctions restraining enforcement of the Student Conduct Code, Cal. Code Regs. tit. 5, § 41301(a) and (b)(7); and the "Student Group Misconduct" section of the Student Organization Handbook; and a permanent injunction restraining enforcement of San Francisco State University's Sexual Harassment Policy.

Plaintiffs further request five thousand dollars ($5,000.00) in compensatory damages, thirty thousand dollars ($30,000.00) in punitive damages, and nominal damages, all for the violation of Plaintiffs' constitutional rights; and all other further relief to which the Plaintiffs may be entitled. Plaintiffs also request their reasonable attorneys' fees and costs.

Defendants' Prayer for Relief:

Defendants request that Plaintiffs take nothing by way of their first amended complaint.

Defendants further request that judgment be entered in favor of all Defendants and against Plaintiffs, and that Defendants recover their costs and reasonable attorneys' fees.

Additionally, Defendants respectfully request all other such orders, judicial determinations, and relief that the Court deems just and proper.

12.  **Settlement and ADR**: Plaintiffs believe settlement is possible and Defendants are in accord, but no ADR efforts have been made to date. The parties select mediation as the

ADR plan for this case and propose it be conducted after the Court's resolution of the Plaintiffs' pending Motion for Preliminary Injunction. Key discovery for the ADR process will involve Defendants' investigation of Plaintiffs' expressive activities on campus.

13.  **Consent to Magistrate Judge for All Purposes**: The parties consent to a magistrate judge.

14.  **Other References**: The case may be suitable for reference to an independent mediator.

15.  **Narrowing of Issues**: Some trial evidence may be narrowed by the parties filing a Joint Pretrial Stipulation of agreed facts in the case. Issues may also be narrowed by motions for summary judgment. It does not currently appear that bifurcation of issues for discovery or trial is necessary.

16.  **Expedited Schedule**: The parties believe there is no need to expedite the schedule of this case.

17.  **Scheduling**: The parties submit the following proposed deadlines:

    Deadline to designate experts: Plaintiffs shall designate their expert(s) by January 18, 2008. Defendants shall designate their expert(s) by January 25, 2008. Rebuttal witnesses may be designated by February 1, 2008.

    Discovery cutoff date: March 31, 2008; last day to serve discovery by mail is February 29, 2008.

    Deadline to Amend Pleadings: April 30, 2008.

    Deadline for filing dispositive motions: May 30, 2008.

    Pretrial conference: August 11, 2008.

    Trial date: August 18, 2008.

18.  **Trial**: This case will be tried to the Court. The parties expect trial will last three days.

19.  **Disclosure of Non-Party Interested Entities or Persons:** Plaintiffs filed their Certification of Interested Entities or Persons on July 9, 2007. Plaintiffs restate pursuant to

Civil Local Rule 3-16, that as of this date, other than the named parties, there is no such interest to report. Defendants filed their Certification of Interested Parties on August 23, 2007. Defendants restate pursuant to Civil Local Rule 3-16 that as of this date, other than the named parties, there is no such interest to report.

Respectfully submitted this 9th day of October, 2007,

For the Plaintiffs:

/s/David J. Hacker
DAVID J. HACKER
California Bar No. 249272
Illinois Bar No. 6283022
Alliance Defense Fund
101 Parkshore Drive, Suite 100
Folsom, California 95630
(916) 932-2850
(916) 932-2851—facsimile
dhacker@telladf.org

For the Defendants:

/s/Andrea M. Gunn
ANDREA M. GUNN
California Bar No. 212259
California State University
Office of General Counsel
401 Golden Shore, Fourth Floor
Long Beach, California 90802-4210
(562) 951-4500
(562) 951-4956 or 4959
agunn@calstate.edu

## **ORDER**

Good cause appearing therefor:

1. The preceding Case Management Statement is entered as the Case Management Order.

   IT IS SO ORDERED.


Date:_____          _____
                                     **HON. WAYNE D. BRAZIL**
                                     **UNITED STATES MAGISTRATE JUDGE**

9

JOINT CASE MANAGEMENT STATEMENT - C-07-3542-WDB

**PROOF OF SERVICE**
<u>College Republicans at SFSU, et al. v. Roberta Achtenberg, et al.</u>
USDC Northern District Case No.: C 07-3542 (WDB)
OGC File No. 07-0909

I, **Deanna L. Thompson**, declare as follows:

I am employed in the County of Los Angeles, State of California. I am at least 18 years old, and not a party to this action. I am an employee of or agent for California State University, Office of General Counsel, whose business address is 401 Golden Shore, 4th Floor, Long Beach, CA 90802-4210.

On **October 9, 2007**, I served the document described as **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ *BY MAIL—COLLECTION BOX:* I placed each document in a sealed envelope with postage fully prepaid, in the California State University Office of General Counsel's mail collection box in Long Beach, California, so that following ordinary business practices, the envelope would be collected and mailed on this date. I am readily familiar with this office's business practice for collection and processing of mail. In the ordinary course of business, each document would be deposited with the United States Postal Service on that same day.

☐ *BY MAIL—PERSONAL DEPOSIT:* I placed each document in a sealed envelope with postage fully prepaid and then deposited the envelope in a mail box regularly maintained by the United States Postal Service in Long Beach, California.

☑ *BY ELECTRONIC SERVICE:* I delivered each document via electronic service to the attached service list.

☐ *BY OVERNIGHT DELIVERY:* I placed each document in a sealed envelope with delivery fees fully prepaid, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with this office's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of California State University Office of General Counsel's business practice the envelope will be deposited in a box or other facility regularly maintained by Federal Express or delivered to a courier authorized by Federal Express to receive documents on the same date it is placed at California State University Office of General Counsel for collection.

☐ *BY FACSIMILE:* By use of facsimile machine number (562) 951-4956 [4959], on **2007**, at Long Beach, California, I served each document on the parties by transmitting each document to each facsimile numbers above, which are the facsimile machine telephone numbers last given by those parties. Each transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine. A copy is attached, and shows the actual time of transmission.

Signed on **October 9, 2007**, at Long Beach, California. I declare under penalty of perjury under the laws of the State of California that this declaration is true and correct.

_____
DEANNA L. THOMPSON

PROOF OF SERVICE

**PROOF OF SERVICE**
<u>College Republicans at SFSU, et al. v. Roberta Achtenberg, et al.</u>
USDC Northern District Case No.:  C 07-3542 (WDB)
OGC File No. 07-0909

### SERVICE LIST

Benjamin W. Bull
Travis C. Barham
ALLIANCE DEFENSE FUND
15333 N. Pima Road, Suite 165
Scottsdale, Arizona  85260
480-444-0020
480-444-0028  Facsimile
bbull@telladf.org
tbarham@telladf.org

David A. French
ALLIANCE DEFENSE FUND
7141 Old Zion Road
Columbia, Tennessee  38401
931-490-0591
931-490-7989  Facsimile
dfrench@telladf.org

David J. Hacker
ALLIANCE DEFENSE FUND
101 Parkshore Drive, Suite 100
Folsom, California  95630
916-932-2850
916-932-2851  Facsimile
dhacker@telladf.org