1  CALIFORNIA STATE UNIVERSITY
   OFFICE OF GENERAL COUNSEL
2  CHRISTINE HELWICK (SBN 057274)
   ANDREA M. GUNN (SBN 212259)
3  401 Golden Shore, Fourth Floor
   Long Beach, CA  90802-4210
4  Telephone:  (562) 951-4500
   Facsimile:  (562) 951-4956 or 4959
5  agunn@calstate.edu
6
   Attorneys for Defendants CHARLES B. REED, ROBERT A. CORRIGAN, J.E. SAFFOLD,
7  and JOEY GREENWELL

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

10

11  COLLEGE REPUBLICANS AT SAN            CASE NO.:  C 07 3542 WDB
    FRANCISCO STATE UNIVERSITY, et al.,
12
              Plaintiffs,                 Date:     October 31, 2007
13                                        Time:     1:30 p.m.
              v.                          Dep't:    4
14                                        Judge:    Honorable Wayne D. Brazil
    CHARLES B. REED, et al.,
15
              Defendants.
16                                        **DECLARATION OF JOEY
                                          GREENWELL IN OPPOSITION TO
17                                        PLAINTIFFS' MOTION FOR
                                          PRELIMINARY INJUNCTION**
18

19

20

21

22              <u>**DECLARATION OF JOEY GREENWELL**</u>

23  I, Joey Greenwell, declare:

24         1.    I am the Director of Student Programs and Leadership Development at the San

25  Francisco State University ("SFSU").  I have held this position on a full-time basis since August 9,

26  2005.  From July 1999 until July 2005, I served as Assistant and then Associate Director of Student

27  Activities at Stanford University.  I have personal knowledge of the matters set forth in this

28  declaration.  If called upon to testify, I could and would testify competently to the following matters.

2.      As Director of Student Programs and Leadership Development, I am responsible for oversight of the Office of Student Programs & Leadership Development ("OSPLD"), which advises the approximately 220 student organizations on the SFSU campus. OSPLD registers, recognizes, and provides leadership development and event planning resources to student organizations. OSPLD also approves and oversees all outdoor/indoor events planned by student organizations and works with University partners with all events on campus. When necessary, it is responsible for administering sanctions to student organizations as determined through the Student Organization Hearing Panel ("SOHP") process.

3.      I can personally testify regarding SFSU's policies and procedures, including those governing the process for complaints lodged against its student organizations, as well as to the specific facts alleged in Plaintiffs' moving papers.

4.      To my knowledge, SFSU's policies and procedures, including those governing the process for complaints lodged against its student organizations, have never been used to restrict or otherwise chill First Amendment rights. The Student Code of Conduct, Title V, Section 41301, at subsection c., states an express prohibition on such restriction. In relevant part, that subsection reads:

> "c.     Application of the Code
>          … Nothing in the Code may conflict with the Education Code section 66301 that prohibits disciplinary action against students based on behavior protected by the First Amendment.

5.      Regarding complaint procedures, all allegations of misconduct against a recognized student organization, such as the organization College Republicans at issue here, when not resolved with an informal resolution, shall be subject to formal review by the SOHP. (**Exhibit A** – OSPLD Student Group Misconduct, Procedures for Filing Complaints of Alleged Violation of University Policies & Complaint Disposition ("Complaint Procedures"), Section E.)

6.      SOHP is comprised of SFSU students, faculty, and staff for the purpose of hearing student organization violations and for determining appropriate sanctions. (**Exhibit A**, Complaint Procedures at Section F.)

7.    The SOHP process is meant to be primarily educational in nature, not punitive.    Its intent is to allow for peer – as opposed to SFSU administration - review of non-academic complaints. Its express purpose is as follows:

> "SF State is a learning community in which student organizations play a valuable role. As part of this role, student organizations must fully recognize their responsibilities as well as their rights and privileges. SOHP and its procedures were developed to ensure that matters of student organization conduct are handled consistently and fairly, and that they are resolved in accordance with the educational purpose of the university and due process standards …."

(*See* **Exhibit A**, Complaint Procedures at Statement of Principles.)

8.    It is my understanding that the SOHP process was first instituted due to questions regarding how alleged violations of University policies were being handled following an incident between a Jewish student organization and Palestinian student organization in May 2002. Prior to that time, the Director of OSPLD made the determinations of violation and also imposed sanctions. The Palestinian student organization was held accountable in the May 2002 incident, and the determination was disputed.

9.    Following this incident, a retreat of student leaders was held. One of the recommendations from this retreat was to revise how alleged student conduct violations were handled and to create a conduct review process. A committee was then formed of students, staff and administrators to review the recommendations and to come up with a fair and consistent process as means to provide student organizations due process. This was also designed to take the Director of OSPLD out of the decision-making process and to instead allow for peer review and resolution of complaints. The committee met for several months and from its work came the SOHP process.

10.    The SOHP process began being used on the SFSU campus in 2003. This process is in place to give all student organizations due process regarding allegations of violations of University policy. It is not meant to be overly time-consuming or burdensome on any of the parties involved.

11.    SOHP consists of 5 voting members: 2 students (appointed by the Associated Students Incorporated), 1 staff member (appointed by the Associate Vice President for Academic Affairs), and 2 faculty members (appointed by the Academic Senate). (**Exhibit A**, Complaint Procedures at Section

1    F.1.)  SOHP members serve a one-year term and the OSPLD Director convenes and trains the panel.

2    (*Id.*)

3          12.    A complaint alleging non-academic misconduct by a student organization may be filed

4    by anyone, but must be in writing, signed, dated and submitted to the Director of the OSPLD.

5    (**Exhibit A**, Complaint Procedures at Section B.1.)  The complaint must be submitted within 7

6    working days of the alleged violation and must include any supporting evidence, documentation, and

7    names of witnesses.  (*Id.*)

8          13.    Upon receipt of a complaint, OSPLD initiates an investigation by forwarding written

9    Notice of Charges to the student organization at issue.  (**Exhibit A**, Complaint Procedures at Section

10   C.1.)  The Director of the OSPLD also notifies SOHP at this initial stage that charges have been

11   brought against a student organization. (**Exhibit A**, Complaint Procedures at Section C.5.)

12         14.    It is in the OSPLD Director's discretion to determine whether the matter proceeds first

13   to informal resolution or immediately to the formal SOHP disciplinary process.  (**Exhibit A**,

14   Complaint Procedures at Section D.)

15         15.    The SOHP hearing itself is not a formal adjudicatory hearing.  The accused student

16   organization may have representation present during any stage of the proceedings, but the role of the

17   representative may be limited during the hearing by SOHP.  (**Exhibit A**, Complaint Procedures at

18   Section J.)

19         16.    Attorneys are expressly prohibited to act as the student organization(s)' representative

20   in this process.  (**Exhibit A**, Complaint Procedures at Section J.)  SOHP hearings are closed to the

21   public. (**Exhibit A**, Complaint Procedures at Section L.)

22         17.    SOHP's directive is to determine whether the facts demonstrate a violation of the SFSU

23   policy or policies with which the student organization has been charged. (*See* **Exhibit A**, Complaint

24   Procedures at Section N.1.)   In making this determination, SOHP hears witnesses and reviews

25   evidence submitted by both the complainant and the accused student organization. (*See* **Exhibit A**,

26   Complaint Procedures at Section M.)

27         18.    The accused student organization may request access to and/or copies of all of the

28   documentary evidence that will be presented in support of the charges at the hearing.  (**Exhibit A**,

Complaint Procedures at Section I.1.)  Any such evidence will be made available for inspection as soon as practicable, but no later than 5 working days before the hearing.  (*Id.*)

19.    No later than 4 working days prior to the hearing, the accused student organization must provide SOHP with its evidence and documentation refuting the charges.  (**Exhibit A**, Complaint Procedures at Section I.2.)  It must also provide a list of witnesses that the student organization requests be called at the hearing. (*Id.*)

20.    After the hearing, SOHP makes findings of fact and conclusions about whether the SFSU policies have been violated.  SOHP's determination is made on the basis of whether it was more likely than not that the student organization charged violated SFSU policy.  (**Exhibit A**, Complaint Procedures at Section N.1.)

21.    After making its determination, SOHP submits a written report to the Director of the OSPLD, which includes a determination as to whether the student organization violated SFSU policy and, if so, the sanctions imposed.  (**Exhibit A**, Complaint Procedures at Section N.2.)  Sanctions may include, but are not limited to, a letter of warning, censure, probation, suspension, or revocation of the organization's recognition on the SFSU campus.  (**Exhibit A**, Complaint Procedures at Section P.)  SOHP may consult with the Director of the OSPLD regarding its determinations, but the Director does not advocate for or dictate any particular outcome.

22.    SOHP's report is to be submitted to the Director of the OSPLD within 10 working days of the conclusion of the hearing. (**Exhibit A**, Complaint Procedures at Section N.2.)

23.    The decision of the SOHP is final. (**Exhibit A**, Complaint Procedures at Section N.3.)

24.    On October 17, 2006, Plaintiff College Republicans sponsored an event in Malcolm X Plaza on the SFSU campus.  The event was entitled an "Anti-Terrorism Rally" with the following event description submitted to OSPLD:

> "We will discuss terrorism around the world and its affect [*sic*] on different countries. We want to remember all those who have died from terrorism by setting up a memorial for some of the latest victims and countries of terrorism.  We will display flags of different countries that have been attacked by terrorism.  We will also discuss the organizations in the world that are considered terrorist and how they should be dealt with."

1      25.    The event occurred from 12-2 p.m. and consisted of visual displays, student speakers,

2  and music.

3      26.    Members of OSPLD staff and University Police were on-hand at the event to help

4  ensure the health and safety of all present.  I was personally present on the afternoon in question and

5  witnessed what occurred.  At no time was the event impeded.

6      27.    OSPLD's presence, as well as that of University Police, is seen at all outdoor events

7  where there may be opposing viewpoints to the scheduled activities.  We are simply there to help

8  ensure safety.  We do not address or restrict the topics of the scheduled activities, nor the speech or

9  expressive conduct related to such topics.  In fact, the College Republicans have received our support

10  in ensuring a safe event on a number of occasions.  Examples include two recent "anti-illegal

11  immigration bake sales."  These were tabling events where College Republican members wore border

12  patrol uniforms and had a fence around their table with a hole where people could get their cupcakes.

13  These events upset many members of the University community (including students, faculty and

14  staff).  At the time, I was asked by numerous people to stop these activities, but did not act on these

15  requests.

16      28.    During the October 17 event, two pieces of butcher paper depicting the flag of Hamas,

17  a Palestinian organization, and Hezbollah, a Lebanese organization, were displayed.  Both flags had

18  the word "Allah" written on them in clear Arabic script.  At one point during the event, members of

19  College Republicans placed the flags on the ground and began stepping on them, declaring Hamas and

20  Hezbollah to be terrorist organizations.

21      29.    It should be noted that the event occurred during the month of Ramadan (September 14

22  – October 21 in 2006), considered one of the most holy months for the Islamic community.

23      30.    A large group of students had gathered in Malcolm X Plaza to watch the event.  When

24  some students in the crowd (including members from the Muslim community) recognized what the

25  College Republican members were stepping on, they voiced concerns to these members that the flags

26  included the word "Allah."   After some heated discussion, the College Republicans allowed some

27  students to make changes to the flags in an attempt to remove the word "Allah."  However, the

28  markers did not completely block out the word.

**DECLARATION OF JOEY GREENWELL – C-07-3542 (WDB)**

31.     Thereafter, one student went up to the stage to address his concerns.  He asked for the flags to be removed and the College Republicans refused.  After asking again several times, the concerned student began to get angry and started to climb onto the stage to prevent the College Republicans from stepping on the flags.

32.     Seeing how upset the student was getting, the College Republicans asked what they could do to keep the situation peaceful.  They then agreed to let him take the Hamas flag from the stage, folding it up and handing it to the student.  The Hezbollah flag remained.

33.     Following this interaction, which myself and University Police monitored carefully, the student left the stage.  Throughout the rest of the event, members of the audience continued to debate with the College Republicans regarding their activities and also the significance of the word "Allah" in many cultures.

34.     On October 26, 2006, my office received a timely written complaint regarding the event in question from SFSU student Brian Gallagher.  That complaint alleged violations of the Student Conduct Code, Title V, Section 41301. More specifically, the complaint contained allegations that College Republicans had, by their actions, attempted to incite violence and create a hostile environment.  The complaint also alleged that the College Republicans had engaged in so-called "actions of incivility."

35.     Once I received the complaint from Mr. Gallagher, I consulted with then Associate Vice President for Student Affairs, Kevin Bowman, regarding the best way to proceed.  After a thoughtful discussion, we decided that the complaint should go through the formal - as opposed to informal - process due to the following:

1)     Although the allegation of "actions of incivility" did not implicate a University policy, but instead a principle and aspiration of the University, the accusations that the College Republicans had "incited violence" did meet a level of serious concern warranting a fuller examination of the facts; and

2)     Considering the history of how SOHP came into existence, it was decided that a peer review process would be the best option to help ensure due process for all parties involved.  It was

1    understood that during such a process, the College Republicans would be able to continue to function

2    like any other student organization with all of the same privileges.

3         36.    On October 30, 2006, I notified Carl Clark, then President of the College Republicans,

4    via e-mail that a letter of complaint regarding the October 17 event had been received. (**Exhibit B** –

5    E-mail from Joey Greenwell to Carl Clark)  I notified him that a meeting had been set-up for

6    November 2, 2006, to discuss the charges and the complaint resolution process. (*See id.*)  The e-mail

7    included excerpts of Gallagher's express allegations, as well as links to the entire Student Code of

8    Conduct and the Complaint Procedures. (*See id.*)

9         37.    Between October 30, 2006, and the beginning of December 2006, members of my staff

10    and I conducted 14 witness interviews.  We made a point to try to interview everyone both the College

11    Republicans and Gallagher wanted us to.  Among those interviewed were College Republican

12    members Carl Clark (President), Mike DeGroff (Vice President), and Leigh Wolf (Public Information

13    Officer).  Plaintiff Trent Downes was not offered as a potential witness and was never interviewed

14    about the event.  We also interviewed numerous individuals who had separately complained about the

15    event.  These complainants echoed Gallagher's allegation that the College Republicans had acted to

16    incite violence.  Additional interviewees included student members of the Muslim Student Association

17    and the General Union of Palestine Students, representatives from Associated Students Inc., as well as

18    several students with no student organization affiliation.

19         38.    On December 5, 2006, I e-mailed both Carl Clark and Brian Gallagher to inform them

20    that OSPLD had concluded its investigation into the October 17 event. (**Exhibit C** – E-mails from

21    Joey Greenwell to Carl Clark and Brian Gallagher)  In that e-mail, I also notified the parties that

22    OSPLD's comprehensive investigative report had been forwarded to SOHP for review and that the

23    SOHP Chair should be contacted directly if they had any specific questions related to that review.

24    (*Id.*)

25         39.    To my knowledge, SOHP did not itself conduct any further fact-finding related to the

26    complaint after OSPLD provided its report on December 5, 2006.

27

28

**DECLARATION OF JOEY GREENWELL – C-07-3542 (WDB)**

40.     Though I was kept informed of developments as the complaint proceeded to hearing, I had no further involvement in the process beyond receipt of SOHP's final determination on or about March 16, 2007.

41.     I am aware, however, that between December 5, 2006, and the hearing date of March 9, 2007, SOHP experienced numerous difficulties in trying to set the hearing date, which served to unavoidably delay the process. First, with the investigative report being finished in early December, and with the Finals Period and Winter Break following shortly thereafter, it was difficult to convene the SOHP prior to everyone leaving campus. Students did not return back to campus until January 24, 2007. Second, in late January, the Associated Students Inc. Board of Directors decided to remove one of their representatives from SOHP when it was discovered that the representative had voted in favor of the AS resolution against College Republicans related to the October 17 event. The basis for this removal was to avoid any conflict of interest. It took some time to find a new AS representative and get this person trained, and this resulted in delays in scheduling the hearing. Lastly, SOHP simply found it difficult to coordinate a mutually available date and time to convene the hearing in the face of five busy schedules. The panel was finally able to agree on March 9, 2007 for the hearing date.

42.     The hearing went forward as scheduled on March 9, 2007.

43.     After the hearing, SOHP met to determine whether the facts, as shown through the documentary evidence and hearing testimony, demonstrated that the College Republicans had violated University policy. The panel found that they had not and dismissed Gallagher's complaint.

44.     I received SOHP's final report on or around March 16, 2007. Thereafter, I considered the matter to be closed.

45.     I am aware that the College Republicans continued after the October 17 event to hold public events on the SFSU campus.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 9th day of October, 2007, at San Francisco, California.

JOEY GREENWELL

9

# EXHIBIT A



office of student programs
& leadership development

About OSPLD

Leadership

Organizations

Conduct

Event Planning

Reserving Spaces

Fundraising

FAQ's

University Partners

Faculty/Staff Advisors

Contact Us



Leadership Award
Deadline: April 2, 2007

Orientation Dates
Spring Semester

Indoor Event Calendar
Get Involved

# Student Group Misconduct

**Procedures for Filing Complaints of Alleged Violation of University Policies & Complaint Disposition**

**Statement of Principles**

SF State is a learning community in which student organizations play a valuable role. As part of this role, student organizations must fully recognize their responsibilities as well as their rights and privileges. These procedures have been developed to ensure that matters of student organization conduct are handled consistently and fairly, and that they are resolved in accordance with the educational purpose of the university and due process standards. The OSPLD shall consult faculty, staff and students, including representatives of student governments, in the revision of these Procedures, except when such revisions result from changes to system wide policies or are specifically mandated by law. Any member of the campus community may submit written proposals to change the provisions of this Procedure to OSPLD at any time.

**Jurisdiction**

The following procedures delineate the disciplinary process for non-academic violations of University Policies and Campus Regulations by recognized student organizations.

A.  **Disciplinary Procedures/Due Process.**

1.  The term 'working day' shall mean any day during the academic year, summer session, and special session other than a Saturday, Sunday or academic holiday of a campus as that term is used in Section 42800 of Title 5 of the California Code of Regulations. (EO 628)

2.  In lieu of pursuing charges against a student organization that has allegedly violated any university policy or procedure, the OSPLD may issue a letter of warning. A letter of warning is written notice to the student organization that a violation of university policies has occurred. This letter will be warning that further violations could result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

3.  Before informal resolution procedures as set forth in Section D may take place, the student organization must be advised of its right to due process pursuant to this Procedure, including the right to representation (attorneys will not be permitted as representatives in this process) and a hearing. This is to ensure that the student organization is aware of its procedural rights before making an admission to a violation of University Policies and Procedures.

B.  **Filing of Complaint and Investigation of Allegations**

1.  A complaint alleging non-academic misconduct by a student organization may be filed by anyone, but must be in writing, signed, dated and submitted to the Director of OSPLD. These complaints must be submitted within seven working days of the alleged violation, and include any supporting evidence, documentation and names of witnesses..

2.  OSPLD staff and university officials may also initiate complaints within seven

Exhibit A, Page 1 of 5

working days following witnessing possible violations by student organization representatives.

3. OSPLD will investigate all complaints. OSPLD will keep on file for a minimum of five years, a signed, dated and reasoned decision explaining its determination of cases investigated.

4. In cases involving sexual harassment, the Sexual Harassment Policy and Procedures will be followed (See SF State Bulletin, Supplemental Regulations & Procedures and Student Code of Conduct at here).

5. After a complaint is filed against a student organization, that organization may remain active on campus until a review of the complaint is completed by the Student Organization Hearing Panel (SOHP), or until an informal review is completed by OSPLD. In complaints against a student organization or its members, or infractions of university policy, that are criminal in nature, the university president reserves the right to suspend the campus activity or revoke recognition of that student organization until a review or investigation can be completed by the SOHP.

C.   **Notification of Charges**

1. The OSPLD shall initiate the investigation/review by either:
   - Delivery of a written Notice of Charges served in person.
   - Delivery by certified mail, return receipt requested within two working days of receipt of the written complaint.
   - E-mail communication.

2. The written notification of charges to the student organization shall include:
   - The University policy or campus regulation that was allegedly violated.
   - The factual basis for the charges including, wherever possible, the date, time and location of the alleged offense.
   - The requirement to meet with the Director or staff member of OSPLD to discuss the charges.
   - If a student organization fails to meet with the Director of the OSPLD and the OSPLD staff as required in the Notification of Charges, the student organization will be automatically suspended pending completion of the SOHP review and deliberation.
   - A statement of the accused student organization's right to have a representative at any stage of the disciplinary proceedings. Attorneys will not be permitted as zrepresentatives in this process.

3. Unless previously provided, the OSPLD shall provide a copy of the University Code of Student Conduct, (click here) and if applicable, other relevant university policies to the student organization with the Notification of Charges.

4. For the purpose of pursuing charges against a student organization, the written notification shall be delivered to the organization's president, faculty advisor, principal officer, and/or other students delegated on the group's student organization registration form, on file with OSPLD.

5. The SOHP will be informed by the Director of OSPLD of charges brought against any student organization.

D.   **Informal Resolution of Charges (Optional)**—At the discretion of the Director of OSPLD, a meeting may be convened with representatives of the organization charged and the complaining party, to reach an informal resolution to be agreed upon by both parties. The meeting will occur within three (3) working days of the date of the notification of charges letter. If the representatives of the student organization charged and the complaining party reach a mutually acceptable agreement, the matter shall be closed. If no agreement is reached within five (5) working days of the notification of charges letter, the matter will proceed to SOHP for review and determination.

E.   **Formal Disciplinary Proceedings**—All allegations of misconduct against a recognized



**Suggestion Form**
Designed to assist you in providing feedback and suggestions on OSPLD programs & procedures

OSPLD | SF State

student organization, when not resolved with an informal resolution as stated above shall be subject to formal review by SOHP.

F.  **Student Organization Hearing Panel (SOHP)**—The Student Organization Hearing Panel is comprised of campus students, faculty and staff for the purpose of hearing student organization violations and determining sanctions.

   1.  Composition of Panel—The panel shall consist of five (5) voting members: two (2) students (ASI appointments), one (1) staff member (Vice President for Student Affairs appointment), and two (2) faculty members (Academic Senate appointments). The SOHP members serve a one-year term and the Director of the OSPLD convenes the Panel. The Associate Vice President for Student Affairs appoints the Chair of SOHP.

   2.  Quorum—Quorum shall consist of a simple majority of voting members.

G.  **Timing and Notice of Hearing**—The Director of OSPLD will provide written notification to the student organization regarding either: (1) The Director's decision to offer an informal resolution, or (2) The decision to immediately refer the charges to SOHP. If an informal resolution occurs, the outcome notice will be provided to the student organization by the Director of OSPLD. If an informal resolution does not occur, the notice will include the information that the SOHP will begin the disciplinary hearing within seven working days. The SOHP will contact the student organization providing the specific information on the date, time and location of the hearing.

H.  **Consolidated Hearing Assignments**—Where more than one student organization is charged with conduct arising out of a single occurrence or out of connected multiple occurrences, and if the SOHP and the student organization consent, a single hearing may be held for all of the student organizations charged. Student organizations may request that their case be consolidated with others, or separated. The SOHP shall make determinations regarding consolidation. All such determinations shall have the hearing subject to revision by the SOHP. In the event of a revision, all cases affected shall be rescheduled. The separation of one or more cases from a group of cases previously set for a consolidated hearing shall not be considered to affect the remaining cases in the group.

I.  **Evidence**

   1.  The accused student organization may request access to and/or copies of all the documentary evidence that will be presented in support of the charges at the hearing and a list of witnesses that may be called by the SOHP at the hearing. Any such evidence will be made available for inspection as soon as practicable but at least five (5) working days before the hearing.

   2.  At least four (4) working days prior to the hearing, the accused student organization must provide the SOHP with its evidence and documentation refuting the charges and a list of witnesses that the student organization may call at the hearing.

   3.  The accusing party may request access to and/or copies of all the documentary evidence that will be presented in refutation of the charges at the hearing. Any such evidence will be made available for inspection as soon as practicable but at least three (3) working days before the hearing.

   4.  It is expected that the SOHP will select some witnesses to testify but it is not required to call all witnesses to testify on behalf of the accusing party or the student organization charged.

   5.  Admissible evidence shall be the sort upon which responsible persons are accustomed to rely in the conduct of serious affairs, and is not restricted to evidence admissible under the strict rules of evidence of a court of law. No evidence which has been determined by the hearing authority to have been obtained by fundamentally unfair means may be taken into consideration.

J.  **Representation at Hearing**—The accused student organization may have representation present during any stage of the proceedings. The role of the representative may be limited during the hearing by SOHP. Attorneys will not be allowed as representatives in

this process.

K.  **Record of Hearing**—The SOHP will make an official recording of the hearing, a copy of which must be made available to the accused student organization upon request.

L.  **Closure of Hearing**—Hearings shall be closed and not open to the public.

M.  **Hearing Procedure**

1.  The SOHP shall rule on all questions of procedure and evidence, including but not limited to the order of presentation of evidence, admissibility of evidence, applicability of regulations to a particular case, and relevance of testimony. If a challenge arises concerning the constitutionality or legality of an application of any such regulations or policies to a particular case, the hearing shall continue and the challenge may be submitted by the hearing authority in writing to the Vice President for Student Affairs, who shall seek legal advice from the university's legal counsel.

2.  Unless otherwise determined by SOHP, evidence shall be submitted in the following order: evidence submitted in support of the charges, evidence submitted by the accused student organization, rebuttal evidence in support of the charges, rebuttal evidence submitted by the student organization, and closing arguments. Hearings need not be conducted according to formal rules of procedure and evidence.

3.  No person shall be required to testify against him or herself in any hearing proceeding.

4.  All evidence upon which the SOHP's decision in the case may be based must be introduced at the hearing in the presence of the accused student organization, except where the student organization (a) fails to appear after appropriate notice has been given or (b) otherwise waives their right to be present. No communication of information regarding the merits of the case or its disposition may be made to SOHP without the adverse party being afforded an opportunity to respond.

N.  **Decision of the Student Organization Hearing Panel**

1.  After the hearing, the SOHP shall make findings of fact and conclusions about whether the facts demonstrate a violation of the University Policy with which the student organization is charged. The SOHP's determination shall be made on the basis of whether it is more likely than not that the student organization charged violated the University Policy (i.e., by a preponderance of evidence).

2.  After having made its determination, SOHP shall submit a written report to the Director of OSPLD, which includes a determination as to whether the student organization charged violated University Policy and if so, sanction imposed. The SOHP's report shall be submitted to the Director of OSPLD within 10 working days of the conclusion of the hearing.

3.  The decision of the SOHP will be final.

O.  **Notification to Relevant Campus Parties**—Not limited to these campus offices, OSPLD shall give written notice of any sanctions against a student organization to the following; Office of the President, Office of the Vice President for Student Affairs, Office of the Associate Vice President for Student Affairs, Associated Students, Inc., and the Cesar Chavez Student Center. Written notice will also be sent out by OSPLD when any sanctions are lifted or when the duration of any sanction ends.

P.  **Corrective Action**—Sanctions may include, but are not limited to, a letter of warning, censure, probation, suspension, or revocation of the organization's recognition. Each disciplinary measure is dependent on the severity of the violation.

1.  **Letter of warning**—A Letter of Warning is a written notice to the student organization that a violation of university policies has occurred. This letter will be warning that further violations could result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

2.  **Censure**—Censure is a written reprimand for violations of university policies and

OSPLD | SF State

is considered more severe than a letter of warning. It also includes notice to the organization that continued or repeated violations will result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

3. **Probation**—Probation is a period of supervision imposed for a specific length of time. Organizations on probation may continue with all or some of the rights and privileges of student organizations for the specified period of time as identified in the sanction. Any violations within the time period shall result in the immediate loss of all organizational privileges. The organization shall be closely monitored by OSPLD during the probation period.

4. **Suspension**—Suspension is the loss of all rights and privileges of a student organization during the specified suspension period.

5. **Revocation of recognition**—Revocation of recognition involves the expulsion of a student organization from the university campus and all university activities, including the revocation of all student organization rights and privileges.



© 2007 OSPLD | Student Services Center | San Francisco State University
E-mail: ospld@sfsu.edu | Phone: (415) 338 2171 | Fax: (415) 338 2172
1600 Holloway Avenue, SSB#105, San Francisco, CA 94132
Last update: May 15, 2007 | Webmaster

# EXHIBIT B

**Joey Greenwell, 10/30/06 3:34 PM -0800, Alleged Violations of University Policy** 1

Date: Mon, 30 Oct 2006 15:34:43 -0800
To: president@gatorgop.com
From: Joey Greenwell <joey@sfsu.edu>
Subject: Alleged Violations of University Policy
Cc: GL@georgeleonard.com

Dear Carl,

I am writing to you as President of the College Republicans to inform you that a letter of complaint has been received by the Office of Student Programs and Leadership Development notifying the office of alleged violations of University policy. The complaint is in regards to alleged actions at a College Republican sponsored event, "Anti Terrorism Rally," that occurred in Malcolm X Plaza from 12-2 PM on October 17, 2006. The complaint describes alleged actions of walking on a banner with the word "Allah" written in Arabic script. The complaint also includes:

1.) Allegations of attempts to incite violence and create a hostile environment
2.) Allegations of actions of incivility

At this time, the University policy being posed as allegedly violated includes:

1.) **Standards for Student Conduct Title V, 41301**
The University is committed to maintaining a safe and healthy living and learning environment for students, faculty, and staff. Each member of the campus community must choose behaviors that contribute toward this end. Student behavior that is not consistent with the Student Conduct Code is addressed through an educational process that is designed to promote safety and good citizenship and, when necessary, impose appropriate consequences.

a.  Student Responsibilities
Students are expected to be good citizens and to engage in responsible behaviors that reflect well upon their university, to be civil to one another and to others in the campus community, and contribute positively to student and university life.

For a full copy of the Code of Conduct, please see http://www.sfsu.edu/~ospld/conduct/policies.htm. (A copy is also attached to this email for your convenience.)

A meeting has been scheduled to meet with you and discuss the charges and process for 2 PM Thursday, November 2. In the meantime, you may wish to review the Procedures for Alleged Violations of University Policies website at http://www.sfsu.edu/~ospld/conduct/hearing_panel.htm. (A copy is also attached to this email for your convenience.) Please note Carl that you as a student organization have the right to have a representative at any stage of possible disciplinary proceedings. However, attorneys are not permitted as representatives in this process.

Sincerely,

Joey Greenwell, Director
Office of Student Programs and Leadership Development


📄 Standards for Student Conduct Title V 3.doc
📄 Procedures for Alleged Violations of University Policies 3.doc

---

**Printed for Joey Greenwell <joey@sfsu.edu>**

## Standards for Student Conduct Title V, 41301

The University is committed to maintaining a safe and healthy living and learning environment for students, faculty, and staff. Each member of the campus community must choose behaviors that contribute toward this end. Student behavior that is not consistent with the Student Conduct Code is addressed through an educational process that is designed to promote safety and good citizenship and, when necessary, impose appropriate consequences.

A.  Student Responsibilities_Students are expected to be good citizens and to engage in responsible behaviors that reflect well upon their university, to be civil to one another and to others in the campus community, and contribute positively to student and university life.

B.  Unacceptable Student Behaviors

The following behavior is subject to disciplinary sanctions:

1.  Dishonesty, including:

    - Cheating, plagiarism, or other forms of academic dishonesty that are intended to gain unfair academic advantage.
    - Furnishing false information to a University official, faculty member, or campus office.
    - Forgery, alteration, or misuse of a University document, key, or identification instrument.
    - Misrepresenting oneself to be an authorized agent of the University or one of its auxiliaries.

2.  Unauthorized entry into, presence in, use of, or misuse of University property.

3.  Willful, material and substantial disruption or obstruction of a University-related activity, or any on-campus activity.

4.  Participating in an activity that substantially and materially disrupts the normal operations of the University, or infringes on the rights of members of the University community.

5.  Willful, material and substantial obstruction of the free flow of pedestrian or other traffic, on or leading to campus property or an off-campus University related activity.

6.  Disorderly, lewd, indecent, or obscene behavior at a University related activity, or directed toward a member of the University community.

7.  Conduct that threatens or endangers the health or safety of any person within or related to the University community, including physical abuse, threats,

intimidation, harassment, or sexual misconduct.

8.  Hazing, or conspiracy to haze, as defined in Education Code Sections 32050 and 32051: __"Hazing" includes any method of initiation or pre-initiation into a student organization, or any pastime or amusement engaged in with respect to such an organization which causes, or is likely to cause, bodily danger, physical harm, or personal degradation or disgrace resulting in physical or mental harm, to any student or other person attending any school, community college, college, university or other educational institution in this state; but the term "hazing" does not include customary athletic events or other similar contests or competitions.__A group of students acting together may be considered a 'student organization' for purposes of this section whether or not they are officially recognized. Neither the express or implied consent of a victim of hazing, nor the lack of active participation while hazing is going on is a defense. Apathy or acquiescence in the presence of hazing is not a neutral act, and is also a violation of this section.

9.  Use, possession, manufacture, or distribution of illegal drugs or drug-related paraphernalia, (except as expressly permitted by law and University regulations) or the misuse of legal pharmaceutical drugs.

10. Use, possession, manufacture, or distribution of alcoholic beverages (except as expressly permitted by law and University regulations), or public intoxication while on campus or at a University related activity.

11. Theft of property or services from the University community, or misappropriation of University resources.

12. Unauthorized destruction, or damage to University property or other property in the University community.

13. Possession or misuse of firearms or guns, replicas, ammunition, explosives, fireworks, knives, other weapons, or dangerous chemicals (without the prior authorization of the campus president) on campus or at a University related activity.

14. Unauthorized recording, dissemination, or publication of academic presentations (including handwritten notes) for a commercial purpose.

15. Misuse of computer facilities or resources, including:

A.      Unauthorized entry into a file, for any purpose.

B.      Unauthorized transfer of a file.

C.      Use of another's identification or password.

D.      Use of computing facilities, campus network, or other resources to interfere with the work of another member of the University Community.

E.      Use of computing facilities and resources to send obscene or intimidating and abusive messages.

F.      Use of computing facilities and resources to interfere with normal University operations.

G.      Use of computing facilities and resources in violation of copyright laws.

H.      Violation of a campus computer use policy.

16. Violation of any published University policy, rule, regulation or presidential order.

17. Failure to comply with directions of, or interference with, any University official or any public safety officer while acting in the performance of his/her duties.

18. Any act chargeable as a violation of a federal, state, or local law that poses a substantial threat to the safety or well-being of members of the University community, to property within the University community or poses a significant threat of disruption or interference with University operations.

19. Violation of the Student Conduct Procedures, including:

A.      Falsification, distortion, or misrepresentation of information related to a student discipline matter.

B.      Disruption or interference with the orderly progress of a student discipline proceeding.

C.      Initiation of a student discipline proceeding in bad faith.

D.      Attempting to discourage another from participating in the student discipline matter.

E.      Attempting to influence the impartiality of any participant in a student discipline matter.

F.      Verbal or physical harassment or intimidation of any participant in a student discipline matter.

G.      Failure to comply with the sanction(s) imposed under a student discipline proceeding.

20. Encouraging, permitting, or assisting another to do any act that could subject him or her to discipline.

**Application of this Code** _Sanctions for the conduct listed above can be imposed on applicants, enrolled students, students between academic terms,

graduates awaiting degrees, and students who withdraw from school while a disciplinary matter is pending. Conduct that threatens the safety or security of the campus community, or substantially disrupts the functions or operation of the University is within the jurisdiction of this Article regardless of whether it occurs on or off campus. Nothing in this Code may conflict with Education Code section 66301 that prohibits disciplinary action against students based on behavior protected by the First Amendment.

## Procedures for Alleged Violations of University Policies

Registration of complaints—Complaints against registered student organizations may be filed by anyone, but must be in writing, signed, dated and submitted to the Director of Student Programs Leadership and Development. These complaints must be submitted within 30 days of the alleged infraction. Office of Student Programs Leadership and Development staff and university officials may also initiate direct referrals upon witnessing possible violations by student organization representatives. Once a complaint or referral is received, the Director of the OSPLD will determine if there are sufficient grounds to support the complaint. The Director acts in all matters of recognition, suspension, and withdrawal of recognition of student organizations. The Director can initiate a meeting with representatives of the organization charged to reach an informal resolution agreed upon by both the organization and the Director.

## Procedures for Filing Complaints of Alleged Violation of University Policies &_Complaint Disposition

### Statement of Principles_

SFSU is a learning community in which student organizations play a valuable role. As part of this role, student organizations must fully recognize their responsibilities as well as their rights and privileges. These procedures have been developed to ensure that matters of student organization conduct are handled consistently and fairly, and that they are resolved in accordance with the educational purpose of the university and due process standards. The OSPLD shall consult faculty, staff and students, including representatives of student governments, in the revision of these Procedures, except when such revisions result from changes to system wide policies or are specifically mandated by law. Any member of the campus community may submit written proposals to change the provisions of this Procedure to OSPLD at any time.

### Jurisdiction

The following procedures delineate the disciplinary process for non-academic violations of University Policies and Campus Regulations by recognized student organizations.

A. **Disciplinary Procedures/Due Process.**

1. The term 'working day' shall mean any day during the academic year, summer session, and special session other than a Saturday, Sunday or academic holiday of a campus as that term is used in Section 42800 of Title 5 of the California Code of Regulations. (EO 628)

2. In lieu of pursuing charges against a student organization that has allegedly violated any university policy or procedure, the OSPLD may issue a letter of warning. A letter of warning is written notice to the student organization that a violation of university policies has occurred. This letter will be warning that further violations could result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

3. Before informal resolution procedures as set forth in Section D may take place, the student organization must be advised of its right to due process pursuant to this Procedure, including the right to representation (attorneys will not be permitted as representatives in this process) and a hearing. This is to ensure that the student organization is aware of its procedural rights before making an admission to a violation of University Policies and Procedures.

B. **Filing of Complaint and Investigation of Allegations**

1. A complaint alleging non-academic misconduct by a student organization may be filed by anyone, but must be in writing, signed, dated and submitted to the Director of OSPLD. These complaints must be submitted within seven working days of the alleged violation, and include any supporting evidence, documentation and names of witnesses..

2. OSPLD staff and university officials may also initiate complaints within seven working days following witnessing possible violations by student organization representatives.

3. OSPLD will investigate all complaints. OSPLD will keep on file for a minimum of five years, a signed, dated and reasoned decision explaining its determination of cases investigated.

4. In cases involving sexual harassment, the Sexual Harassment Policy and Procedures will be followed (See SFSU Bulletin, Supplemental Regulations & Procedures and Student Code of Conduct at here).

5. After a complaint is filed against a student organization, that organization may

remain active on campus until a review of the complaint is completed by the Student Organization Hearing Panel (SOHP), or until an informal review is completed by OSPLD. In complaints against a student organization or its members, or infractions of university policy, that are criminal in nature, the university president reserves the right to suspend the campus activity or revoke recognition of that student organization until a review or investigation can be completed by the SOHP.

C. **Notification of Charges**

1. The OSPLD shall initiate the investigation/review by either:
   - Delivery of a written Notice of Charges served in person.
   - Delivery by certified mail, return receipt requested within two working days of receipt of the written complaint.
   - E-mail communication.

2. The written notification of charges to the student organization shall include:
   - The University policy or campus regulation that was allegedly violated.
   - The factual basis for the charges including, wherever possible, the date, time and location of the alleged offense.
   - The requirement to meet with the Director or staff member of OSPLD to discuss the charges.
   - If a student organization fails to meet with the Director of the OSPLD and the OSPLD staff as required in the Notification of Charges, the student organization will be automatically suspended pending completion of the SOHP review and_deliberation.
   - A statement of the accused student organization's right to have a representative at any stage of the disciplinary proceedings. Attorneys will not be permitted as zrepresentatives in this process.

3. Unless previously provided, the OSPLD shall provide a copy of the

4. University Code of Student Conduct, and if applicable, other relevant university policies to the student organization with the Notification of Charges.

5. For the purpose of pursuing charges against a student organization, the written notification shall be delivered to the organization's president, faculty advisor, principal officer, and/or other students delegated on the group's student organization registration form, on file with OSPLD.

6. The SOHP will be informed by the Director of OSPLD of charges brought against any student organization.

D. **Informal Resolution of Charges (Optional)**—At the discretion of the Director of OSPLD, a meeting may be convened with representatives of the organization charged and the complaining party, to reach an informal resolution to be agreed upon by both parties. The meeting will occur within three (3) working days of the date of the notification of charges letter. If the representatives of the student organization charged and the complaining party reach a mutually acceptable agreement, the matter shall be closed. If no agreement is reached within five (5) working days of the notification of charges letter, the matter will proceed to SOHP for review and determination.

E. **Formal Disciplinary Proceedings**—All allegations of misconduct against a recognized student organization, when not resolved with an informal resolution as stated above shall be subject to formal review by SOHP.

F. **Student Organization Hearing Panel (SOHP)**—The Student Organization Hearing Panel is comprised of campus students, faculty and staff for the purpose of hearing student organization violations and determining sanctions.

1. Composition of Panel—The panel shall consist of five (5) voting members: two (2) students (ASI appointments), one (1) staff member (Vice President for Student Affairs appointment), and two (2) faculty members (Academic Senate appointments). The SOHP members serve a one-year term and the Director of the OSPLD convenes the Panel. The Associate Vice President for Student Affairs appoints the Chair of SOHP.

2. Quorum—Quorum shall consist of a simple majority of voting members.

G. **Timing and Notice of Hearing**—The Director of OSPLD will provide written notification to the student organization regarding either: (1) The Director's decision to offer an informal resolution, or (2) The decision to immediately refer the charges to SOHP. If an informal resolution occurs, the outcome notice will be provided to the student organization by the Director of OSPLD. If an informal resolution does not occur, the notice will include the information that the SOHP will begin the disciplinary hearing within seven working days. The SOHP will contact the student organization providing the specific information on the date, time and location of the hearing.

H. **Consolidated Hearing Assignments**—Where more than one student organization is charged with conduct arising out of a single occurrence or out of connected multiple occurrences, and if the SOHP and the student organization consent, a single hearing may be held for all of the student organizations charged. Student organizations may request that their case be consolidated with others, or separated. The SOHP shall make determinations regarding consolidation. All such determinations shall have the hearing subject to revision by the SOHP. In the event of a revision, all cases affected shall be rescheduled. The separation of one or more cases from a group of cases previously set for a consolidated hearing shall not be considered to affect the remaining cases in the group.

I. **Evidence**

1. The accused student organization may request access to and/or copies of all the documentary evidence that will be presented in support of the charges at the hearing and a list of witnesses that may be called by the SOHP at the hearing. Any such evidence will be made available for inspection as soon as practicable but at least five (5) working days before the hearing.

2. At least four (4) working days prior to the hearing, the accused student organization must provide the SOHP with its evidence and documentation refuting the charges and a list of witnesses that the student organization may call at the hearing.

3. The accusing party may request access to and/or copies of all the documentary evidence that will be presented in refutation of the charges at the hearing. Any such evidence will be made available for inspection as soon as practicable but at least three (3) working days before the hearing.

4. It is expected that the SOHP will select some witnesses to testify but it is not required to call all witnesses to testify on behalf of the accusing party or the student organization charged.

5. Admissible evidence shall be the sort upon which responsible persons are accustomed to rely in the conduct of serious affairs, and is not restricted to evidence admissible under the strict rules of evidence of a court of law. No evidence which has been determined by the hearing authority to have been obtained by fundamentally unfair means may be taken into consideration.

J. **Representation at Hearing**—The accused student organization may have representation present during any stage of the proceedings. The role of the representative may be limited during the hearing by SOHP. Attorneys will not be allowed as representatives in this process.

K. **Record of Hearing**—The SOHP will make an official recording of the hearing, a copy of which must be made available to the accused student organization upon request.

L. **Closure of Hearing**—Hearings shall be closed and not open to the public.

M. **Hearing Procedure**

1. The SOHP shall rule on all questions of procedure and evidence, including but not limited to the order of presentation of evidence, admissibility of evidence, applicability of regulations to a particular case, and relevance of testimony. If a challenge arises concerning the constitutionality or legality of an application of any such regulations or policies to a particular case, the hearing shall continue and the challenge may be submitted by the hearing authority in writing to the Vice President for Student Affairs, who shall seek legal advice from the university's legal counsel.

2. Unless otherwise determined by SOHP, evidence shall be submitted in the following order: evidence submitted in support of the charges, evidence submitted by the accused student organization, rebuttal evidence in support of the charges, rebuttal evidence submitted by the student organization, and closing arguments. Hearings need not be conducted according to formal rules of procedure and evidence.

3. No person shall be required to testify against him or herself in any hearing proceeding.

4. All evidence upon which the SOHP's decision in the case may be based must be introduced at the hearing in the presence of the accused student organization, except where the student organization (a) fails to appear after appropriate notice has been given or (b) otherwise waives their right to be present. No communication of information regarding the merits of the case or its disposition may be made to SOHP without the adverse party being afforded an opportunity to respond.

N. **Decision of the Student Organization Hearing Panel**

1. After the hearing, the SOHP shall make findings of fact and conclusions about whether the facts demonstrate a violation of the University Policy with which the student organization is charged. The SOHP's determination shall be made on the basis of whether it is more likely than not that the student organization charged violated the University Policy (i.e., by a preponderance of evidence).

2. After having made its determination, SOHP shall submit a written report to the Director of OSPLD, which includes a determination as to whether the student organization charged violated University Policy and if so, sanction imposed. The SOHP's report shall be submitted to the Director of OSPLD within 10 working days of the conclusion of the hearing.

3. The decision of the SOHP will be final.

O. **Notification to Relevant Campus Parties**—Not limited to these campus offices, OSPLD shall give written notice of any sanctions against a student organization to the following; Office of the President, Office of the Vice President for Student Affairs, Office of the Associate Vice President for Student Affairs, Associated Students, Inc., and the Cesar Chavez Student Center. Written notice will also be sent out by OSPLD when any sanctions are lifted or when the duration of any sanction ends.

P. **Corrective Action**—Sanctions may include, but are not limited to, a letter of warning, censure, probation, suspension, or revocation of the organization's recognition. Each disciplinary measure is dependent on the severity of the violation.

1. **Letter of warning**—A Letter of Warning is a written notice to the student organization that a violation of university policies has occurred. This letter will be warning that further violations could result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

2. **Censure**—Censure is a written reprimand for violations of university policies and is considered more severe than a letter of warning. It also includes notice to the organization that continued or repeated violations will result in more severe disciplinary action. It will be a part of the organization's file for a period of one year from the date of the letter.

3. **Probation**—Probation is a period of supervision imposed for a specific length

of time. Organizations on probation may continue with all or some of the rights and privileges of student organizations for the specified period of time as identified in the sanction. Any violations within the time period shall result in the immediate loss of all organizational privileges. The organization shall be closely monitored by OSPLD during the probation period.

4. **Suspension**—Suspension is the loss of all rights and privileges of a student organization during the specified suspension period.

5. **Revocation of recognition**—Revocation of recognition involves the expulsion of a student organization from the university campus and all university activities, including the revocation of all student organization rights and privileges.

# EXHIBIT C

**Joey Greenwell, 12/5/06 2:33 PM -0800, OSPLD investigation concluded and forwarded to**    1

```
Date: Tue, 5 Dec 2006 14:33:51 -0800
To: president@gatorgop.com
From: Joey Greenwell <joey@sfsu.edu>
Subject: OSPLD investigation concluded and forwarded to SOHP
Cc: GL@georgeleonard.com, ec@sfsu.edu, dmorales@sfsu.edu,
 joicyserrano@yahoo.com, smithae@sfsu.edu, rwill@sfsu.edu, azteca@sfsu.edu,
 beto <beto@sfsu.edu>, sramirez@sfsu.edu, ismael@sfsu.edu
```

Dear Mr Clark,

I am writing to you as President of the College Republicans to follow-up with you regarding the letter of complaint that was received by the Office of Student Programs and Leadership Development on Thursday, October 26, 2006, notifying the office of alleged violations of University policy.  The complaint is in regards to alleged actions at a College Republican sponsored event, "Anti Terrorism Rally," that occurred in Malcolm X Plaza from 12-2 PM on October 17, 2006.  The complaint describes alleged actions of walking on a banner with the word "Allah" written in Arabic script.

I am writing to inform you that the Office of Student Programs and Leadership Development has concluded its investigation into the events that occurred on October, 17, 2006 in Malcolm X Plaza.  The investigation was put in place to review the following alleged violations of University Policy as were addressed in the written complaint:

1.      Allegations of attempts to incite violence and create a hostile environment
2.      Allegations of actions of incivility (Standards for Student Conduct Title V, 41301)

Resources presented by interviewees during interview process for review include:
1.      Standards for Student Conduct Title V, 41301
2.      CUSP II Strategic Plan
3.      California penal code

The Investigative report has been forwarded to the Student Organization Hearing Panel for review.  The chair of SOHP, D.J. Morales, is your contact person should you have specific questions regarding this review.  Her email is dmorales@sfsu.edu.  (I have cc her on this message).  She will also be in contact with you regarding any questions and specifics regarding the review. You may continue to contact me regarding any general questions regarding the SOHP process.  You can find the process online at http://www.sfsu.edu/~ospld/conduct/hearing_panel.htm.  For a copy of the Code of Conduct, please see http://www.sfsu.edu/~ospld/conduct/policies.htm.  I have also attached a word copy of  these documents, to this email for your convenience.  To review CUSP II, please see http://academic.sfsu.edu/apee/planning/plan05-10.php.

Please keep in mind Carl that you as a student organization have the right to have a representative at any stage of possible disciplinary proceedings.  However, attorneys are not permitted as representatives in this process.

Sincerely,
Joey Greenwell


– –
Joey D. Greenwell, Director
Office of Student Programs and Leadership Development
Student Services Building, Suite 105
San Francisco State University
1600 Holloway Ave
San Francisco, CA 94132

415-338-3885 (Direct)
415-338-3888 (Assistant)
415-338-2172 (Fax)
http://www.sfsu.edu/~ospld

*Empowering students to succeed as academic scholars, community leaders and conscientious citizens at SFSU and beyond.*


Standards for Student Conduct Title V 3 1.doc
Procedures for Alleged Violations of University Policies 3 1.doc

**Printed for Joey Greenwell <joey@sfsu.edu>**

**Joey Greenwell, 12/5/06 2:34 PM -0800, OSPLD investigation concluded and forwarded to**                1

```
Date: Tue, 5 Dec 2006 14:34:02 -0800
To: Brian <usmonroedoctrine@sbcglobal.net>
From: Joey Greenwell <joey@sfsu.edu>
Subject: OSPLD investigation concluded and forwarded to SOHP
Cc: fec@sfsu.edu, dmorales@sfsu.edu, joicyserrano@yahoo.com,
  smithae@sfsu.edu, rwill@sfsu.edu, azteca@sfsu.edu, beto <beto@sfsu.edu>,
  sramirez@sfsu.edu, ismael@sfsu.edu
```

Dear Mr. Gallagher,

I am writing to follow-up with you regarding the letter of complaint that was received by the Office of Student Programs and Leadership Development on Thursday, October 26, 2006, notifying the office of alleged violations of University policy. The complaint is in regards to alleged actions at a College Republican sponsored event, "Anti Terrorism Rally," that occurred in Malcolm X Plaza from 12-2 PM on October 17, 2006. The complaint describes alleged actions of walking on a banner with the word "Allah" written in Arabic script.

I am writing to inform you that the Office of Student Programs and Leadership Development has concluded its investigation into the events that occurred on October, 17, 2006 in Malcolm X Plaza. The investigation was put in place to review the following alleged violations of University Policy as were addressed in the written complaint:

1.        Allegations of attempts to incite violence and create a hostile environment
2.        Allegations of actions of incivility (Standards for Student Conduct Title V, 41301)

Resources presented by interviewees during interview process for review include:
1.    Standards for Student Conduct Title V, 41301
2.    CUSP II Strategic Plan
3.    California penal code

The Investigative report has been forwarded to the Student Organization Hearing Panel for review. The chair of SOHP, D.J. Morales, is your contact person should you have specific questions regarding this review. Her email is dmorales@sfsu.edu. (I have cc her on this message). She will also be in contact with you regarding any questions and specifics regarding the review. You may continue to contact me regarding any general questions regarding the SOHP process. You can find the process online at http://www.sfsu.edu/~ospld/conduct/hearing_panel.htm. For a copy of the Code of Conduct, please see http://www.sfsu.edu/~ospld/conduct/policies.htm. I have also attached a word copy of these documents, to this email for your convenience. To review CUSP II, please see http://academic.sfsu.edu/apee/planning/plan05-10.php.

Sincerely,
Joey Greenwell
--

Joey D. Greenwell, Director
Office of Student Programs and Leadership Development
Student Services Building, Suite 105
San Francisco State University
1600 Holloway Ave
San Francisco, CA 94132

415-338-3885 (Direct)
415-338-3888 (Assistant)
415-338-2172 (Fax)
http://www.sfsu.edu/~ospld

*Empowering students to succeed as academic scholars, community leaders and conscientious citizens at SFSU and beyond.*

◻ Procedures for Alleged Violations of University Policies 4.doc
◻ Standards for Student Conduct Title V 3 3.doc

**Printed for Joey Greenwell <joey@sfsu.edu>**